FILED

2024 Sep-30  PM 03:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **GERALD PAULK**, **et al.**,<br>Plaintiffs,<br><br>**v.**<br><br>**TENNESSEE VALLEY AUTHORITY**,<br>Defendant.<br>_____ | **Case No. 5:22-cv-15-CLM** |
| **JOSEPH MILES**, **et al.**,<br>Plaintiffs,<br><br>**v.**<br><br>**TENNESSEE VALLEY AUTHORITY**,<br>Defendant.<br>_____ | **Case No. 5:22-cv-105-CLM** |
| **TOMMY JONES**, **et al.**,<br>Plaintiffs,<br><br>**v.**<br><br>**TENNESSEE VALLEY AUTHORITY**,<br>Defendant. | **Case No. 5:22-cv-114-CLM** |

## <u>MEMORANDUM OPINION</u>

Tim Parker moves to dismiss the Electric Power Board of the City of Scottsboro ("SEPB") and the City of Scottsboro's "Fourth Party Complaints." (Doc. 151); (doc. 159).[1] Because Parker filed two almost identical motions asking the court to dismiss two similar claims, the court

---

[1] The court cites the record as it appears in *Paulk, et al. v. Tennessee Valley Auth., et al.* (5:22-cv-15-CLM).

resolves the motions together in one opinion. The court **DENIES** both of Parker's pending motions to dismiss.

## BACKGROUND

Because this case has an extensive filing history, the record already contains ample factual summaries. So the court's factual recitation is minimal here. The parties involvement is as follows:

- Tim Parker owned the *Dixie Delight*—a liveaboard houseboat that caught fire in January 2020.
- The *Dixie Delight* was berthed at Dock B that Jackson County owns and maintains.
- SEPB owned and operated the electrical system powering Dock B.
- The City of Scottsboro—through its fire department—inspected and maintained the electrical system.
- Jackson County built Dock B on land the United States granted by easement.
- The Tennessee Valley Authority issued the permit authorizing Jackson County to construct the dock.

The fire started in the *Dixie Delight's* inner walls near an electrical panel. The fire engulfed the houseboat and spread to neighboring vessels. Because the *Dixie Delight* was docked closest to the shore, it prevented occupants of other vessels from escaping the fire. The fire resulted in deaths, personal injuries, and property destruction.

Shortly after the fire, Plaintiffs filed three state court lawsuits against Scottsboro and SEPB. A year later, Plaintiffs filed three federal lawsuits against TVA.[2] TVA filed a Third-Party Complaint against Scottsboro, Jackson County, SEPB, and Parker. (Doc. 118). But TVA voluntarily dismissed all pending claims against Parker. (Doc. 149). Scottsboro and SEPB answered TVA's amended complaint and included

---

[2] The lead case, *Paulk, et al. v. Tennessee Valley Auth., et al.* (5:22-cv-15-CLM), is consolidated with *Miles v. Tennessee Valley Auth., et al.* (5:22-cv-105) and *Jones, et al. v. Tennessee Valley Auth., et al.* (5:22-cv-114-CLM).

"Fourth Party Complaints" against Parker. (Doc. 151); (doc. 159). Their only claim is a right to contribution from Parker for his share of the liability.

Parker moves to dismiss both Scottsboro and SEPB's contribution claims under Rule 12(b)(6). (Doc. 168); (doc. 169). Parker argues that any claim Scottsboro or SEPB has against him should have been brought as a compulsory counterclaim in state court. Parker also claims that contribution isn't a standalone cause of action. SEPB and Scottsboro oppose Parker's counterclaim theory since TVA wasn't a party in state court. They also argue that contribution is a standalone claim under maritime law.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering the motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted).

## DISCUSSION

Parker raises two arguments, neither of which compels dismissal.

1. Parker argues that the compulsory counterclaim doctrine bars SEPB and Scottsboro from bringing a contribution claim in federal court. (Doc. 168, p. 5); (doc. 169, p. 5); Fed. R. Civ. P. 13. But the court disagrees. SEPB and Scottsboro couldn't assert contribution in state court because TVA wasn't a party in those actions. And SEPB and Scottsboro request contribution from Parker *only if* the court finds them liable on TVA's third-party complaint. (Doc. 151, p. 24); (doc.159, p. 18–19). SEPB and Scottsboro couldn't have been compelled to assert contribution in state

court because, at that time, they didn't need to: the need only arose after TVA asserted claims against them in federal court.

2. Parker also argues that contribution is not a standalone claim. (Doc. 168, p. 12); (doc. 169, p. 12). But here too Parker is mistaken. Contribution is a standalone claim in admiralty law. 1 Admiralty & Mar. Law. § 5:16 (Contribution is a cause of action that arises when a tortfeasor pays more than his pro rata share of a judgment."); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 242 (5th Cir. 2009) ("Rule 14(c) permits a defendant to implead a third-party defendant for two purposes: (1) to seek contribution or indemnification from the third-party defendant, and (2) to tender the third-party defendant to the plaintiff."). In a case like this pleaded under Rule 9(h), Rule 14(c)'s plain language allows a defendant to bring in a third-party defendant for contribution. Fed. R. Civ. P. 14(c)(1) ("If a plaintiff asserts an admiralty or maritime claim under Rule 9(h), the defendant . . . may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable—either to the plaintiff or to the third-party plaintiff— for remedy over, contribution, or otherwise . . . ."). The court can use a claim for contribution as the means to evaluate and assign liability—even without an accompanying tort claim.

The court construes both SEPB and Scottsboro's contribution claims as if they were properly pleaded under Rule 14(c). The court treats SEPB and Scottsboro as defendants turned third-party plaintiffs and Parker as a third-party defendant. By the plain language of Rule 14(c), SEPB and Scottsboro are free to use the impleader rules to bring a contribution claim against Parker. Because SEPB and Scottsboro don't need to bring separate tort claims with their contribution claims, Parker's concerns about the statute of limitations are also resolved. (Doc. 168, p. 11); (doc. 169, p. 11).

## CONCLUSION

For the reasons explained above, the court **DENIES** Parker's Motions to Dismiss. (Doc. 168); (doc. 169).

**DONE** and **ORDERED** on September 30, 2024.

_____

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE